UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF

WORK CONSTRUCTION CO., INC.
       DEBTOR

| | |
|---|---|
| WORK CONSTRUCTION CO., INC. | CIVIL ACTION |
| VERSUS | NO. 10-1132 |
| MAGNIFICENT EIGHT, L.L.C. | SECTION: "C" 2 |
| | BANK. NO.: 07-12344 "A"<br>ADV. NO.: 09-1032 |

## OPINION[1]

Before this Court is an Appeal from a grant of summary judgment in a bankruptcy adversary proceeding by the United States Bankruptcy Court for the Eastern District of Louisiana in favor of Plaintiff-Debtor, Appellee Work Construction Co., Inc. ("WCC"). Defendant-Appellant Magnificent Eight, LLC ("Mag 8") appeals both the Bankruptcy Court's grant of summary judgment in favor of WCC and the subsequent denial of Mag 8's Motion to Alter or Amend Judgment. The Court has appellate jurisdiction pursuant to 28 U.S.C. § 158. This Appeal is before the Court on the briefs, without oral argument. After reviewing the briefs of the parties, the record in the case, and the applicable law, the Court finds that the judgment of Bankruptcy Court should be AFFIRMED for the following reasons.

**I. Background**

---

[1] Jordan Parker, a Second-Year student at Tulane University Law School, assisted in the preparation of this Opinion.

1

This Court's review of the relevant portions of the record from the Adversary Proceeding confirm that the basic facts upon which the Bankruptcy Court based its Reasons for Decision are undisputed. WCC executed an AIA Construction Contract (the "Contract") with Mag 8 on or about June 9, 2006, in which WCC agreed to construct a condominium project consisting of three buildings known as Place de Marigny on Lot 5A, Square 2, City of Mandeville (sometimes hereafter referred to as the "Project"). (Bky. Adv. Rec. Doc. 43 at 2). WCC subcontracted with LaPorte Plumbing Company ("LaPorte") to perform specified plumbing work on the Place de Marigny Project. The Place de Marigny Project was suspended during construction and work stopped along with Mag 8's payments of amounts owed on the Project.

It is also undisputed that on May 21, 2008, WCC filed a lien affidavit into the records of St. Tammany Parish, under Instrument No. 1682694, Registry No. 1832834 SHC, in the amount of $47,524.76, representing the amount WCC claimed it was owed by Mag 8. On November 28, 2007, WCC filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 28, 2007, Case No. 07-12344. WCC is the Reorganized Debtor and the administrator of property of the estate as a result of the Chapter 11 filing. On March 3, 2009, the Bankruptcy Court approved WCC's Plan of Reorganization, which included the cause of action from WCC to effect a turnover of property of the Estate of Debtor being held by Mag 8.

The basic facts underlying this Appeal are also undisputed. Mag 8 has not paid an outstanding amount of $48,277.91[2] to WCC. (Bky. Adv. Rec. Doc. 43 at 3). AIA Pay Application Numbers 14, 15, and 16 amounting to $30,477.86 in connection to the Place

---

[2]The discrepancy between the Lien amount of $47,524.76 and the $48,277.91 amount that WCC claims is owed by Mag 8 is not explained. However, neither the Bankruptcy Court nor the Parties appear concerned with this discrepancy.

de Marigny Project were submitted by WCC to representatives of Mag 8 and were never paid by Mag 8 to WCC. WCC also claimed interest owed for non-payment of Pay Application Numbers 14, 15, and 16. LaPorte submitted invoices to Mag 8 amounting to $12,983.49[3] in connection with additional work beyond the ordinary scope of the Project for which it was never paid. (Bky. Adv. Rec. Doc. 40 at 5-6).

WCC moved for summary judgment in the Adversary Proceeding, and Mag 8 opposed the motion based on the argument that "[s]ummary judgments are rarely granted in construction disputes, especially where the quality of the work is at issue," and "Plaintiff has not cited a single case to support its claim." (Bky. Adv. Rec. Doc. 54 at 2). In support of its opposition, Mag 8 provided an affidavit of Clay Prieto ("Prieto"), managing member of Mag 8, in which he stated that WCC was paid more than it was owed because only one of the three buildings was competed, the work performed by WCC was unworkmanlike and untimely, WCC has not paid its subcontractors, and because discovery, including WCC's records of payments, is incomplete. (Bky. Adv. Rec. Doc. 52).

The record reflects that a hearing was held on the motion on November 24, 2009.[4] (Bky. Adv. Rec. Doc. 64). On December 9, 2009, the Bankruptcy Court granted

---

[3]In the "Affidavit of Lee LaPorte, LaPorte Plumbing," LaPorte also claimed $34,198.48 for work it performed on the Project but was never paid. (Bky. Adv. Rec. Doc. 51 at 2-3). However, only the $12,983.49 monetary amount is referred to in "LaPorte Plumbing Invoices for Change Orders Not Paid" (Bky. Adv. Rec. Doc. 40, Exhibit B-3) and the "Affidavit in Support of Motion for Summary Judgment of Work Construction Company, Inc." (Bky. Adv. Rec. Doc. 41 at 4-5). In addition, the $12,983.49 figure is part of the $48,277.91 claimed by WCC. (Bky. Adv. Rec. Doc. 40, Exhibit B). The Bankruptcy Court did not specifically refer to the amount of $34,198.48 in its Reasons for Decision and only awarded LaPorte $12,983.49. (Bky. Adv. Rec. Doc. 65 at 3-4). Thus, for the purposes of this Opinion, this Court shall use the figure of $12,983.49 as the amount claimed by LaPorte.

[4]Neither party has provided the Court with a copy of the transcript from that hearing, which is deemed irrelevant for purposes of this Appeal.

3

summary judgment in the Adversary Proceeding in favor of WCC and against Mag 8 in the amount of $30,477.86, relevant to Pay Applications Numbers 14, 15, and 16 through the ordinary scope of work contemplated by the Contract; and in the amount of $12,983.49 in connection with LaPorte Plumbing invoices for extra work performed beyond the ordinary scope of work for the Project. (Bky. Adv. Rec. Doc. 65 at 4). The Bankruptcy Court did not award interest.

On January 11, 2010, Mag 8 filed a Motion to Alter or Amend Judgment in the Adversary Proceeding, arguing that the recently acquired deposition transcript of Prieto of Mag 8 confirms his previously-submitted affidavit statement offered in opposition to summary judgment.[5] (Bky. Adv. Rec. Doc. 70). A hearing was held on January 12, 2010, and the Bankruptcy Court denied this motion on January 15, 2010.[6] (Bky. Adv. Rec. Doc. 78, 80). Mag 8 promptly appealed the grant of summary judgment and the denial of its Motion to Alter or Amend Judgment.

Appellant Mag 8 raises three issues on appeal. First, it argues that Prieto's affidavit raised genuine issues of material fact sufficient to defeat summary judgment. (Rec. Doc. 3 at 7-9). Mag 8 also argues that it "further raises genuine issues of material fact throughout the rest of the record" because it "called to the Bankruptcy Court's attention" whether it "is responsible for damages incurred by LaPorte for an accident on the jobsite." (Rec. Doc. 3 at 9; Bky. Adv. Rec. Doc. 53 at 2). It refers to a deposition of Edgar Kimball ("Kimball"), President and 100% shareholder of WCC, taken on Friday, November 13, 2009. In Kimball's deposition, Mag 8 claims he testified that "the

---

[5] The Affidavit of Clay Prieto in Opposition to Motion for Summary Judgment and Plaintiff's Response to Defendant's Motion to Alter or Amend Judgment indicate that the depositions of Clay Prieto and Edgar Kimball were taken on Friday, November 13, 2009. (Bky. Adv. Rec. Doc. 52 at 2; Bky. Adv. Rec. Doc. 73 at 5).

[6] Again, no transcript of this hearing is provided by either party, and is therefore deemed irrelevant to this Appeal.

4

majority of the amount that WCC is seeking from Mag 8 is claimed by La Porte, not WCC." (Rec. Doc. 3 at 9). Mag 8 only specifically raised the issue of Kimball's deposition testimony in its Memorandum in Support of Motion to Alter or Amend Judgment and its Reply Memorandum in Support of Motion to Alter or Amend Judgment, but not prior to the Bankruptcy Court's grant of summary judgment. (Bky. Adv. Rec. Doc. 70 at 3; Bky. Adv. Rec. Doc. 77 at 2).

Second, Appellant asserts that the Bankruptcy Court erred in granting summary judgment because Appellant stated at the hearing and in memorandum that discovery remained incomplete at the time. (Rec. Doc. 3 at 10). Appellant avers that prior to the summary judgment hearing, Appellee had not turned over its record of payments contained in Plaintiff's Answer to Request for Production of Documents, and that such information would have allowed the Appellant to properly rebut Appellee's allegation that there was no issue of material fact. (Rec. Doc. 3 at 10).

Third, Appellant argues that the Bankruptcy Court should have granted a new trial to prevent manifest injustice due to the emergence of new evidence not previously available. Appellant asserts that the deposition transcripts of Prieto and Kimball, along with Plaintiff's Answer to Request for Production of Documents, constitute new evidence that was not available to the Appellant prior to the Summary Judgment hearing. (Rec. Doc. 3 at 7). Furthermore, Appellant contends that this new evidence creates issues of material fact sufficient to compel this Court to vacate the judgment of the Bankruptcy Court and remand because it "could not have discovered how much Appellee had paid or failed to pay subcontractors, prior to attaining this evidence." (Rec. Doc. 3 at 13-14).

Regarding the first issue on appeal, Appellee counters that Mag 8 responded to the charges with only generalized denials which are insufficient to defeat summary

5

judgment. (Rec. Doc. 5 at 11). Furthermore, Appellee asserts that many of Appellant's issues were "superfluous and were not raised in a timely fashion," and were thus properly disregarded by the Bankruptcy Court. (Rec. Doc. 5 at 11).

Regarding the second issue of incomplete discovery, Appellee avers that Appellant created many discovery delays itself by failing to disclose information to Appellee in a timely fashion. (Rec. Doc. 5 at 12). Appellee alleges that the deposition transcripts sought by Appellant could have been available for the November 24, 2009, hearing had Appellant exercised proper diligence. (Rec. Doc. 5 at 14). Furthermore, Appellee asserts that neither the depositions nor Plaintiff's Answer to Request for Production of Documents created any genuine issues of material fact.

Regarding the third issue of Appellant's denial of the Motion to Alter or Amend Judgment, Appellee argues that, "A Hearing on Reconsideration of the Summary Judgment is no vehicle to provide evidence which should have been provided or presented upon the original hearing on Motion for Summary Judgment." (Rec. Doc. 5 at 13). Appellee asserts that reconsideration is not warranted because Appellant's arguments for a new trial were untimely and because Mag 8 provided no new evidence to support its Motion to Alter or Amend Judgment, which was properly denied by the Bankruptcy Court. (Rec. Doc. 5 at 15-16).

**II. Law and Analysis**

   a. *Standard of Review*

The standard of review for a bankruptcy appeal by a district court is the same when a court of appeals reviews a district court proceeding. *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989). Accordingly, the Court reviews the Bankruptcy Court's conclusions of law *de novo*, findings of fact for clear error, and mixed questions of law

and fact *de novo*. *See* FED. R. BANKR. P. 8013; *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). A district court will only reverse the Bankruptcy Court's finding of facts if, upon review of the entire record, the court is left with the "definite and firm" conviction that the Bankruptcy Court erred. *Anderson v. City of Bessemer City*, 479 U.S. 564, 573 (1985). The burden is on the appellant to demonstrate that the Bankruptcy Court's findings are clearly erroneous. *In re Drehsen*, 190 B.R. 441, 442 (M.D. Fla. 1995).

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Smith v. American Family Life Assur. Co. of Columbus*, 584 F.3d 212, 215 (5th Cir. 2009) (quoting FED. R. CIV. P. 56(c)). Facts are material if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party.". *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). In order to make this determination, the court must view evidence in the light most favorable to the party opposing the motion, and resolve factual controversies in favor of the nonmoving party. *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994). Furthermore, conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden. *Douglass v. United Servies Auto. Ass'n*, 79 F.3d 1415,

As for evidentiary matters, the Court applies an abuse of discretion standard when reviewing the Bankruptcy Court's decision to deny additional findings of fact. *See Tyler v. Union Oil Co. of California*, 304 F.3d 379 (5th Cir. 2002); *Boyd v. State Farm Ins. Cos.*, 158 F.3d 326 (5th Cir. 1998). An abuse of discretion generally occurs where "no reasonable person could take the view adopted" by the lower court. *Whitehead v. Food*

*Max of Mississippi, Inc.*, 332 F.3d 796, 803 (5th Cir. 2003). Under Bankruptcy Rule 8013, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed R. BANKR. P. 8013.

    b. *Analysis*

Appellant avers that it paid WCC for work completed on the Place de Marigny Project, and that Appellant actually paid WCC more than it was owed, based on Prieto's affidavit and deposition testimony. The Court finds that the Bankruptcy Court did not err in finding that Prieto's affidavit insufficient to create a genuine issue of material fact. In response to a motion for summary judgment, a party cannot just generally deny the allegations, but must, "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Geg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Prieto's affidavit merely states that Mag 8 paid all the money that it owed, but does not provide any evidence (i.e. checks, money statements, et cetera) to substantiate his claim. Thus, Prieto's affidavit does not raise a genuine issue of material fact regarding WCC's entitlement to the payment made subject of its lien.

Appellant avers that the affidavit of Prieto precludes summary judgment because Prieto calls into question the quality of work by alleging redhibitory defects, describing it as "shoddy in material respects" and "not what was required under the contract." (Bky. Adv. Rec. Doc. 52 at 2). In addition, Prieto cites the Depositions taken on November 13, 2009 as containing the same information.[7]

Appellant's secondary argument regarding the quality and timeliness of WCC's

---
[7] The deposition was not attached to the initial affidavit in the Adversary Proceeding because, according to the Appellant, the depositions of Prieto and Kimball were not transcribed until December 4, 2009. Appellee counters that the transcript was available for the November 24, 2009, hearing.

work is likewise unpersuasive. First, Mag 8's relationship with WCC is governed by the Contract, not by the remedy afforded to buyers in redhibition under La. Civ. Code art. 2520.[8] Mag 8's rights and obligations under the Contract are not discussed at all. The Court questions any issue concerning timeliness since it is undisputed that the work was abandoned by Mag 8 and never completed, and cannot find that the Bankruptcy Court erred in this regard. Most notably, perhaps, there is no meaningful discussion as to the legal effect of any of the facts presented in the affidavit and/or deposition in the bankruptcy record or in this record on appeal.

Appellant raises in its briefs two issues regarding payment of subcontractors: 1) whether the Appellee has not fulfilled its obligation of paying its subcontractors, and 2) whether Mag 8 is actually liable for the payment claimed by LaPorte for work and an on-site accident. Regarding the obligation to pay subcontractors, Appellant asserts in its brief that Kimball admitted in his deposition that the majority of the amount WCC is seeking is claimed by LaPorte, and on the whole LaPorte claims more than it is owed. (Rec. Doc. 3 at 9, Depo. Kimball, at pp. 30-31). Appellant avers that there is a question of whether Mag 8 is liable for payment of subcontractors, and this creates a genuine issue of material fact.

There is no allegation, however, that the work made the subject of the lien and the judgment of the Bankruptcy Court is unrelated to the Project and the parties' obligations under the Contract. Even if there may be no direct contractual relationship between an owner and a subcontractor, a contractor such as WCC does have contractual obligations with its subcontractors and the principal, such as those at issue here. Again, there is no cogent legal argument made by Mag 8 as to these allegations. The Court finds no error

---

[8]Article 2520 provides in relevant part that "The seller warrants the buyer against redhibitory defects, or vices, in the thing sold."

by the Bankruptcy Court in this regard.

The second and third issues raised on appeal concern the failure of the Bankruptcy Court to provide additional time for discovery and the denial of the Motion to Alter or Amend Judgment based on new evidence. The Appellant has presented no cogent argument to support either of these grounds and, indeed, it would appear that the allegedly "new evidence" would have had no bearing on the underlying issue on summary judgment at all. In addition, Appellant avers that the Kimball and Prieto deposition transcripts were not available until December 4, 2009–ten days after the November 24, 2009, summary judgment hearing–and that this vital information could not have been obtained prior to the summary judgment hearing. (Rec. Doc. 6 at 5). The Court also finds this argument unpersuasive. By all indications, Appellant's counsel was present during the deposition on November 13, 2009. Even if Kimball's deposition transcript could not have been made available prior to the November 24, 2009, summary judgment hearing; Appellant still could have at least raised the *subject matter*, if it could not obtain the exact quotes, of Kimball's deposition in its Affidavit opposing summary judgment. Appellant only specifically raised the subject matter of Kimball's deposition testimony in its Memorandum in Support of Motion to Alter or Amend Judgment and its Reply Memorandum in Support of Motion to Alter or Amend Judgment, but not prior to the Bankruptcy Court's grant of summary judgment. (Bky. Adv. Rec. Doc. 70 at 3; Bky. Adv. Rec. Doc. 77 at 2). Consequently, Appellant's alleged "new evidence" is untimely and does not change the outcome of summary judgment. This Court can find no error by the Bankruptcy Court based on the record presented on appeal.

Accordingly,

IT IS ORDERED that the Appeal by Magnificent Eight, L.L.C. is DISMISSED

and the Judgment of the Bankruptcy Court is AFFIRMED.

New Orleans, Louisiana, this 4th day of August, 2010.

                                            **HELEN G. BERRIGAN**
                                            **UNITED STATES DISTRICT JUDGE**